UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DELOIS JONES, individually and
on behalf of the wrongful death beneficiaries
of DeANDRE JONES                 **PLAINTIFF**

v.                    Civil No. 3:18-cv-00091-GHD-RP

L. F. GROUP, *et al.*                 **DEFENDANTS**

## MEMORANDUM OPINION

Now before this Court is Plaintiff Delois Jones' Amended Motion to Remand [17]. Having considered the matter, the Court finds that the motion should be denied.

### Background

This action arises from the shooting death of Jones' son, DeAndre Jones. Jones alleges that on February 20, 2017, Defendant Larmont Burchett[1] shot and killed DeAndre in Byhalia, Mississippi. At the time the shooting occurred, Burchett was employed by Defendants L. F. Group, Inc. and Express Services, Inc.[2] Following the shooting, Burchett was arrested in Memphis, Tennessee. He remained in a correctional facility in Memphis until March 2018, when he was transferred to the Marshall County Jail in Mississippi.

On February 16, 2018, Jones filed this wrongful death suit against Defendants in the Circuit Court of Marshall County, Mississippi. On April 18, 2018, L. F. Group removed the case to this Court, premising removal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Jones

---

[1] The complaint and style of the case list Burchett's first name as "Lamont". Various documents presented to the Court that were completed by Burchett, however, list his first name as "Larmont".

[2] According to the complaint, L. F. Group is a franchisee of Express Services. L. F. Group is a temporary employment agency. On February 20, 2017, Burchett was working for Griffin, Inc. in Byhalia, as assigned by L. F. Group.

1

now moves to remand the action back to state court arguing that (1) removal was untimely; and (2) there is not complete diversity of citizenship between the parties.

## Analysis

Removal jurisdiction exists in any case where the federal court would have original jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.' " *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### I. Timeliness of Removal

Jones first argues that L. F. Group did not remove this action in the time allowed by statute. Under 28 U.S.C. § 1446, a defendant has 30 days from the date of service of the initial pleading or summons to remove an action to federal court. 28 U.S.C. §1446(b). L. F. Group filed its notice of removal on April 18, 2018. Jones attached a proof of service, an affidavit, and a worksheet filled out by the process server indicating that Diego Lejwa, L. F. Group's agent for service, was served in Tennessee with the summons and complaint on March 15, 2018, which was 30 days prior to April 18. [17-12, 17-13].

L. F. Group contends, however, that Lejwa could not possibly have been served on March 15 because he was not in Tennessee at the time. Lejwa, in a signed declaration, stated that he was on vacation in Florida from March 13 to March 18, and that he was not served until March 19. Diego Lejwa Declaration [21-1] at 2. Lejwa also presented a travel itinerary issued to him and a list of service invoices made to a resort room in his name that occurred between March 13 and

2

March 18. *Id.* at 20-23. Finally, Lejwa provided an email he sent to L.F. Group's legal counsel at 7:49 p.m. on March 19 stating that "I just [sic] been served papers for the case." *Id.* at 3.

Although a proof of service is presumed to be correct, that presumption can be rebutted with sufficient evidence. *See ACE Am. Ins. Co. v. Huttig Bldg. Prod.*, Inc., No. 3:10-CV-527-HTW-LRA, 2011 WL 3047640, at *4 (S.D. Miss. July 25, 2011). The Court finds that sufficient evidence has been presented showing that Lejwa was served on March 19, 2018. The declaration, itinerary, and invoices all indicate that Lejwa was, in fact, in Florida from March 13, 2018 to March 18, 2018. Further, his email to legal counsel on March 19 that he had "just" been served supports the contention that he had actually been served that day. Accordingly, the Court finds that, because L. F. Group was served on March 19, 2018, its removal to this Court on April 18, 2018, was timely.

## II. Diversity of Citizenship

Jones next argues that there is not complete diversity between the parties because both she and Larmont Burchett are citizens of Mississippi. Federal jurisdiction under § 1332 exists in actions between citizens of different states, where the amount in controversy exceeds $75,000.[3] 28 U.S.C. § 1332(a). "Complete diversity of citizenship" is required, meaning that "the citizenship of each plaintiff is diverse from the citizen of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996).

For purposes of diversity jurisdiction, an individual's citizenship is usually his domicile. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.

---

[3] The parties do not dispute that the amount in controversy exceeds $75,000.

1974) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "Domicile" and "residence" are not synonymous. *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980) (citing *Mas*, 489 F.2d at 1399). Nonetheless, "[e]vidence of a person's place of residence . . . is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations omitted).

"A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change." *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003) (quoting *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). That domicile "persists until a new one is acquired or it is clearly abandoned." *Coury*, 85 F.3d at 250. Thus, "[t]here is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Id.*

That presumption may be defeated by evidence that the person has established residence in a new state with the intent to remain there indefinitely. *Acridge*, 334 F.3d at 448 (citing *Coury*, 85 F.3d at 250). To determine "whether a person has changed his domicile, courts look at many factors." *Id.* They include "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251. While statements of intent to remain in a particular domicile or to establish a new one are relevant, they are given "little weight" if they conflict with objective facts. *Id.*

In its notice of removal, L. F. Group provided a declaration from Burchett, who stated that he was born in Tennessee, resided in Tennessee at the time the shooting occurred, that he holds a

4

Tennessee driver's license, that at the time of his arrest he was located in Tennessee, and that he intends to return there if released from jail. Larmont Burchett Declaration [1-4].

Jones, however, contends that Burchett is actually a resident of Mississippi. Jones provided several documents that all list Burchett's residence as a Lamar, Mississippi address. They are: (1) a waiver of arraignment filed in the Marshall County Circuit Court, signed by Burchett on April 27, 2018; (2) a W-4 filled out by Burchett on April 21, 2016; (3) a Mississippi state tax withholding form signed by Burchett on April 21, 2016; (4) a job application for employment with L. F. Group signed by Burchett on April 21, 2016; (5) a tow report from the Memphis Police Department for the vehicle Burchett was driving when he was arrested[4]; (6) the booking record from the Marshall County Jail, dated April 5, 2018; (7) and an arrest warrant for Burchett, issued February 20, 2017. [17-4 through 17-11]. Jones further provided evidence that Burchett's Tennessee driver's license was revoked. [23-1].

In response, L. F. Group provided another declaration of Burchett. Second Larmont Burchett Declaration [21-2]. In this declaration, Burchett stated that the grandparents of his children allowed him to use the Lamar, Mississippi address for employment because Burchett did not have a permanent address at that time. He states that he would drive back to Tennessee after work where he would sleep at various relatives' homes. Burchett explained that after December of 2016 he was no longer welcome at the Lamar, Mississippi address, and that although he did sign the waiver of arraignment in April of 2018 listing that address, he did not fill it out and instructed

---

[4] The vehicle in the tow report is listed as a black 2011 Jeep Liberty. Jones also attached a chain of custody report from the Marshall County Sheriff's Office which lists a gray 2002 Jeep Liberty. [17-8]. No address is provided on the chain of custody report, and it is unclear if the vehicle listed is the same vehicle described in the tow report.

his public defender not to use that address.[5] Further, Burchett stated that before he was arrested, he maintained a bank account with FNSB Bank in Tennessee, and that he is a member of a church in Memphis. Finally, L. F. Group attached court records from 2017 in the General Sessions Court of Shelby County, Tennessee which lists a Memphis address as Burchett's address. [21-3].

Burchett's initial domicile was in Tennessee because that is where he was born. Thus, it is presumed that this continues to be his domicile until there is a showing that he has established a new residence in another state with the intent to remain there.

The Court finds that there is not sufficient evidence to show that Burchett established a new domicile in Mississippi. There is no evidence that controverts Burchett's statements that he did not intend to remain in Mississippi indefinitely. There is no evidence that Burchett owned or purchased real property in Mississippi or that he was a member of a church in Mississippi. Nor is there evidence that Burchett maintains current personal ties in Mississippi. While Jones contends that Burchett's revoked Tennessee license is insufficient to establish his domicile in Tennessee, there is no evidence that Burchett obtained any license in Mississippi.

The Court does not find the repeated use of the address to be indicative of Burchett's intent. The first three uses of the address—on the job application, and on the federal and state tax forms—all occurred on the same date and in connection with Burchett's job application with L. F. Group. Every subsequent use of the address was entered by an individual other than Burnett (in each case a law enforcement or court officer) and there is no indication that Burchett himself provided the address in those instances. In any case, it is not residence alone, but "the intention of making the place of residence one's home" that are "essential elements of domicile". *Stine*, 213 F.3d at 448

---

[5] The address included on the waiver of arraignment form is in different handwriting from the writing on other documents filled out by Burchett.

6

(citation omitted). To the extent Jones has established that Burchett used the Mississippi address as his residence, she has not presented evidence of his intention to remain there that rebuts the presumption that Burchett's domicile was in Tennessee, nor has she presented objective facts that controvert his assertions that Tennessee is where he intends to return.

In sum, the evidence provided does not rebut the presumption that Burchett's domicile remained in Tennessee. Because Burchett's domicile remained in Tennessee, he is a citizen of Tennessee for diversity jurisdiction persons. Thus, there is complete diversity of citizenship between the parties.

## Conclusion

The Court finds that L. F. Group timely removed this action. The Court also finds that there is complete diversity of citizenship between Jones and Defendants. Therefore, this Court has removal jurisdiction over the case. Jones' Motion to Remand is denied.

A separate order shall issue.

This, the 12th day of July, 2018.

SENIOR U.S. DISTRICT JUDGE