IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DELOIS JONES, and as MOTHER, NEXT BEST FRIEND, and
PERSONAL REPRESENTATIVE OF DeANDRE D. JONES; and
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF DeANDRE D. JONES                                                PLAINTIFFS

V.                                                                 CAUSE NO. 3:18-CV-091-GHD-RP

L.F. GROUP, INC. d/b/a EXPRESS SERVICES, INC.
d/b/a EXPRESS EMPLOYMENT PROFESSIONALS;
EXPRESS SERVICES, INC. d/b/a
EXPRESS EMPLOYMENT PROFESSIONALS; and,
S2 VERIFY LLC                                                                       DEFENDANTS

## ORDER

On January 29, 2019, the Court ordered Defendant S2 Verify, LLC ("S2 Verify") to show cause as to why its Defenses and Answer to Plaintiff's Amended Complaint should not be stricken as untimely. Docket 67. Previously, S2 Verify moved for an extension of time to answer the Amended Complaint; however, the motion was filed after its deadline expired, and S2 Verify failed to show both good cause and excusable neglect for why the request for additional time could not have been made before the deadline. Docket 63, 67. Rather than attempt to make the requisite showing in its reply brief, S2 Verify simply filed its Defenses and Answer without having obtained leave of Court to do so. Docket 65. On February 12, 2019, S2 Verify responded to the Show Cause Order, explaining why the Court should not strike its answer or enter a default judgment against it. Docket 68.

As set forth in the Show Cause Order, when a request for an extension of time is made before the expiration of a deadline, "this court grants additional time almost as a matter of course." *Casey v. Quality Restaurants and Concepts*, No. 1:10CV309-NBB-DAS, 2012 WL 3261367 at *2 (N.D. Miss. Aug. 8, 2012). However, the more stringent standards of Federal Rule

of Civil Procedure 6(b)(1)(B) apply when the time for a response expires without a motion for additional time. Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired: […] if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

An extension under this Rule requires a showing of *both* good cause and excusable neglect. *Casey*, 2012 WL 3261367 at *2. "[P]art of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Id*. (citing *Johnson v. Bolivar County,* No. 2:08CV226-M-D, 2009 WL 4855988, *3–4 (N.D. Miss. Dec. 9, 2009)). The excusable neglect standard rests on an equitable determination that considers all relevant circumstances including "the danger of prejudice […], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

S2 Verify's response discusses its efforts from December 20, 2018 through January 16, 2019, to determine whether its insurance carrier would provide counsel and its various attempts to communicate with Plaintiff's counsel to request an extension of time. Docket 68. On January 16, 2019, S2 Verify's insurance carrier assigned litigation counsel and a motion for extension of time was filed that day. *Id*.; *see* Docket 63. S2 Verify's response details actions taken by its president, corporate counsel, and coverage counsel in response to service of Plaintiff's Complaint to establish its intent to defend this action. The Court finds that S2 Verify's explanation for why a timely request for additional time could not have been made amounts to

good cause and excusable neglect and further finds that Plaintiff will not be prejudiced if S2 Verify's Answer is allowed to stand.  The Court permits the out-of-time filing of S2 Verify's Defenses and Answer to Plaintiff's Amended Complaint.

**SO ORDERED**, this the 15th day of February, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE