UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DELOIS JONES; et al.                                                    PLAINTIFFS

v.                                                     Civil Action No. 3:18CV91-GHD-RP

L.F. GROUP, INC.; et al.                                                DEFENDANTS

### OPINION DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

Presently before the Court is the Plaintiff Delois Jones' motion for summary judgment as to liability [152] and the Defendants L.F. Group, Inc. and Express Services, Inc.'s motion for summary judgment [149] in this diversity wrongful death action regarding the death of the Plaintiff Delois Jones' son. Upon due consideration and for the reasons set forth below, the Court finds that both motions should be denied.

**I.    Background**

On February 20, 2017, the Plaintiff's son, DeAndre Jones, was shot and killed by a co-worker, Larmont Burchett, while the two were working as placed employees at Griffin, Inc., an armored car manufacturer in Byhalia, Mississippi. [Pl.'s Amended Compl., Doc. 54, at 5]. At the time, Burchett was indisputably an employee of the Defendants L.F. Group and Express Services, Inc.[1]

On February 16, 2018, the Plaintiff filed a lawsuit in the Circuit Court of Marshall County, alleging, *inter alia*, that the Defendants negligently hired Burchett and failed to conduct a reasonable investigation into his background and criminal history prior to hiring

---

[1] The Defendant L.F. Group was, at all relevant times, a franchisee for the Defendant Express Services, Inc., which is an employment agency that provides employees to employers. [Doc. 54, at 3].

him [Doc. 2, at p. 5]. The Defendants timely removed the matter to this Court [Doc. 1], and the Court subsequently denied a motion to remand the case to state court, finding that diversity jurisdiction is present [Doc. 28]. The Plaintiff Delois Jones now moves for summary judgment as to liability [152]; the remaining Defendants, L.F. Group and Express Services move for summary judgment in their favor as to all claims [149].

II. **Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch Dist.*,

2

268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

### III. Analysis

The Plaintiff asserts that Burchett possessed a propensity for violence and that the Defendants knew or should have known of that propensity, but instead negligently hired Burchett and placed him for work at Griffin, Inc. The Plaintiff further argues that the Defendants had a duty to perform a reasonable criminal background check on Burchett, but breached this duty, which resulted in Jones' death. The Plaintiff asserts that a reasonable background check would have provided the Defendants with notice that Burchett had a prior felony criminal charge involving the alleged use of a handgun in a domestic dispute as well as outstanding felony bench warrants for his arrest, and that the Defendants' failure to perform a reasonable background check renders them liable for negligently hiring Burchett and placing him for work at Griffin, Inc.

Burchett applied for employment with the Defendants on September 21, 2016. He was interviewed, disclosed three misdemeanor convictions from 2014 (for reckless endangerment, domestic assault, and assault), and subsequently was issued a conditional

3

job offer by the Defendants. The Defendants then conducted a criminal background check on Burchett, using an Instant National Criminal Search database. That search revealed no felony convictions, and Burchett was placed for work at one of the Defendants' manufacturing clients, where he worked from September 2016 until January 2017. In January 2017, the Defendants sent Burchett's employment profile and background check to Griffin, Inc., which utilized Burchett to fill a general laborer position at its Byhalia, Mississippi, facility. While placed at Griffin, Inc., on February 20, 2017, Burchett shot and killed Jones while the two were at work.

The parties agree that the crux of this litigation is whether the Defendants should have conducted a more thorough and recent investigation of Burchett's criminal background before placing him for work at Griffin, Inc. in January 2017, and whether the Defendants negligently failed to do so. The Plaintiff argues, in essence, that the Defendants' actual knowledge of Burchett's misdemeanor convictions should have triggered a more extensive background check, which would have revealed that those misdemeanor convictions were initially charged as felonies and involved the use of a handgun in a domestic dispute. The Plaintiff also argues that the Defendants wrongfully relied on the September 2016 background check to place Burchett at Griffin, Inc. in January 2017, when a more thorough check would have revealed that Burchett had several outstanding bench warrants for aggravated assault and violation of probation. The Defendants argue the opposite – that there is no common law duty to conduct background checks on all employees and that the Defendants met Griffin, Inc.'s requirement that any employees sent for work there have no felony convictions.

In *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239 (5th Cir. 2012), the Fifth Circuit, in construing Mississippi law, held that a claim for negligent hiring or retention requires a finding of duty, breach of that duty, causation, and damages. See also *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (Miss. 2005) (*en banc*). The *Keen* Court also held that in hiring an employee, "an employer has a duty to exercise a degree of care commensurate with the nature and danger of the business in which the employer is engaged and the nature and grade of service for which the employee is intended" and "whether an employer's knowledge of an employee's incompetency was actual or constructive, the employer is chargeable with knowledge of the incompetency . . . if by the exercise of due or reasonable care or diligence the employer could have ascertained such incompetence." *Keen*, 702 F.3d at 244. The *Keen* Court further explained that the employer's duty is to "exercise reasonable diligence to ascertain the competency of a prospective employee." *Id.*; *Doe ex rel. Brown v. Pontotoc County Sch. Dist.*, 957 So. 2d 410, 416-17 (Miss. Ct. App. 2007).

The Court finds that while Mississippi law does not impose upon employers a generalized duty to conduct background checks for all prospective employees, the question here is more nuanced. Unlike in *Keen*, where the employer conducted no criminal background check whatsoever and thus had no knowledge, actual or constructive, regarding the subject employee's propensity for violence, the Defendants here were requested by Griffin, Inc. to confirm that all workers sent to Griffin by the Defendants had no felony convictions. In agreeing to do so, the Defendants undertook a duty to conduct criminal background checks in a reasonable manner. See, e.g., *Dr. Pepper Bottling Co. of Miss. v. Bruner*, 148 So. 2d 199, 201 (Miss. 1962). Ultimately, the Defendants relied upon

5

a three-month old background check and Burchett's disclosures and sent him to work at Griffin.

Given the undisputed facts, including that Burchett at the time had outstanding felony bench warrants for aggravated assault and violation of probation, the Court finds that a genuine issue of material fact exists regarding the reasonableness of the Defendants' actions in conducting the background check and sending Burchett to work at Griffin, Inc. The Court further finds that a genuine issue of material fact exists as to whether those actions constituted a breach of the duty that the Defendants undertook in agreeing to conduct a reasonable background check, and if so, whether that breach constitutes causation sufficient to hold the Defendants liable for negligence.

Accordingly, the Court shall deny the Defendants' motion for summary judgment. As for the Plaintiff's motion for summary judgment as to liability, the Court likewise holds that it cannot find that the Defendants' actions constitute negligence as a matter of law. The Plaintiff's motion shall therefore likewise be denied.

**IV. Conclusion**

For all of the foregoing reasons, the Court finds that the parties' cross-motions for summary judgment should be denied. The Court finds that a genuine issue of material fact exists with respect to the reasonableness of the Defendants' actions in conducting the subject criminal background check and placing Burchett for work at the subject facility. The Plaintiff's claims shall proceed to trial.

An order in accordance with this opinion shall issue this day.

This, the 16th day of February, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

6