IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DELOIS JONES; et al.                                                    PLAINTIFFS

v.                                                  Civil Action No. 3:18CV91-GHD-RP

L.F. GROUP, INC.; et al.                                                DEFENDANTS

## ORDER DISMISSING PLAINTIFF'S MOTIONS IN LIMINE AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Presently before the Court are two *motions in limine* filed by the Plaintiff seeking to exclude newspaper, television, and social media articles [167] and to permit the Plaintiff to use the Golden Rule argument in the presence of the jury [170]. Upon due consideration, the Court finds that it should not consider these motions prior to the trial of this cause, presently set for June 6, 2022. The Court is of the opinion that a pre-trial ruling this far in advance of trial relative to the exclusion of the subject testimony and evidence would be premature. Accordingly, the Court finds that the motions are not well taken and are, at this juncture, dismissed. The Plaintiff may refile these motions when the trial date approaches.

Also before the Court is the Defendants' motion for reconsideration of the Court's February 16, 2021, opinion and order [179, 180] denying the Defendants' motion for summary judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) "applies to interlocutory judgments and permits the district court to reconsider and reverse its decision for any reason it deems sufficient." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

In denying the Defendants' motion for summary judgment, the Court specifically held that *a genuine issue of material fact* exists regarding whether the Defendants' actions constituted a breach of the duty that the Defendants undertook in agreeing to conduct a reasonable background check, and if so, whether that breach constitutes causation sufficient to hold the Defendants liable

for negligence [179, at 6]. Despite the Defendants' attempt to enlarge the Court's ruling, the Court notes that it likewise denied the Plaintiff's competing motion for summary judgment [179, at 6].

In their present motion, the Defendants raise the same arguments and proffer the same evidence as they did in their motion for summary judgment. The Court addressed these arguments at length in its original ruling, specifically finding that the Plaintiff has proffered sufficient evidence to demonstrate the existence of a genuine issue of material fact as to his pending claims. [179, at 5-6]. Nonetheless, the Court has with due consideration reviewed its ruling. Upon review, the Court is of the opinion that its original Opinion [179] and Order [180] denying both the Defendants' motion for summary judgment [149] and the Plaintiff's motion for summary judgment [152] was correct. The Court upon review finds that it applied the appropriate standard and considered the parties' evidence in accordance with that standard as well as the other applicable standards related to summary judgment; therefore, the Court finds that its ruling relative to the Defendants' motion for summary judgment was and is appropriate. The Court further finds that the criteria for an interlocutory appeal of its Opinion and Order are not met regarding its ruling – as the Defendants themselves tacitly acknowledge in their motion, there is not a substantial difference of opinion on any controlling issue of law; accordingly, the Defendants' request for an interlocutory appeal of the Court's ruling is likewise denied.

THEREFORE, it is hereby ORDERED that the Plaintiff's pending motions in limine [167, 170] are DISMISSED, and the Defendants' motion for reconsideration [181] is DENIED.

SO ORDERED, this, the 13 day of August, 2021.

SENIOR U.S. DISTRICT JUDGE