UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DELOIS JONES; et al.                                                                                  PLAINTIFFS

v.                                                                          Civil Action No. 3:18CV91-GHD-RP

L.F. GROUP, INC.; et al.                                                                              DEFENDANTS

OPINION DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

Presently before the Court is the Defendants' motion to exclude the testimony of the Plaintiffs' expert witness, Norman Bates, in this diversity wrongful death action regarding the death of the Plaintiff Delois Jones' son. The Court held a hearing related to this motion on September 2, 2021. Upon due consideration and for the reasons set forth below, the Court finds that the Defendants' motion should be denied. The Court finds that Bates is qualified to offer expert testimony in this matter in the field of Human Resources Management and that his expected testimony satisfies the Court's *Daubert* inquiry. Accordingly, he shall be permitted to offer expert testimony at the trial of this matter.

**I.      Background**

On February 20, 2017, the Plaintiff's son, DeAndre Jones, was shot and killed by a co-worker, Larmont Burchett, while the two were working as placed employees at Griffin, Inc., an armored car manufacturer in Byhalia, Mississippi. [Pl.'s Amended Compl., Doc. 54, at 5]. At the time, Burchett was indisputably an employee of the Defendants L.F. Group and Express Services, Inc.[1]

---

[1]      The Defendant L.F. Group was, at all relevant times, a franchisee for the Defendant Express Services, Inc., which is an employment agency that provides employees to client employers. [Doc. 54, at 3].

On February 16, 2018, the Plaintiffs filed a lawsuit in the Circuit Court of Marshall County, alleging, *inter alia*, that the Defendants negligently hired Burchett and failed to conduct a reasonable investigation into his background and criminal history prior to hiring him [Doc. 2, at p. 5]. The Defendants timely removed the matter to this Court [Doc. 1], and the Court subsequently denied a motion to remand the case to state court, finding that diversity jurisdiction is present [Doc. 28]. The Court then denied the parties' cross-motions for summary judgment on February 16, 2021, finding that genuine issues of material fact exist [179, 180]. Trial in this matter is set for June 6, 2022.

Both sides have designated an expert witness to testify regarding the human resources standards and practices involved in the screening and hiring of employees – the Defendants have designated Mr. Wayne Larkin, and the Plaintiffs have designated Mr. Norman Bates. The Defendants have filed the presently pending motion [147] to exclude Mr. Bates' testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), arguing that Bates is not qualified to testify as to the relevant standards used within the staffing industry. The Plaintiffs oppose the motion.

**II.     Standard of Review**

While this is a case based upon diversity jurisdiction, "the Federal Rules of Evidence control the admission of expert testimony." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (citation omitted). Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;

  (c) the testimony is the product of reliable principles and methods; and

  (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. The admissibility of expert testimony is further governed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and the post-*Daubert* amendments to Federal Rule of Evidence 702. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *Watkins v. Telsmith*, 121 F.3d 984, 988-89 (5th Cir. 1997).

  The purpose of Rule 702 is to guide the district court's gatekeeping function. *Guy*, 394 F.3d at 325. Before allowing a witness to testify as an expert, a court "must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.' " *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting Fed. R. Evid. 702). The *Daubert* analysis applies to the process in which a qualified expert reaches his conclusions, not to the merits of the conclusions themselves. *Guy*, 394 F.3d at 325. The merits remain subject to attack at trial under traditional principles of "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. "[I]n determining the admissibility of expert testimony, the district court should approach its task with proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quotation marks and citation omitted).

  Finally, the "district court has wide latitude when navigating the expert-qualification process." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 625 (5th Cir. 2018). "As long as there are sufficient indicia that an individual will provide a reliable opinion on a subject, a district court may qualify that individual as an expert." *Id.* (internal

3

quotation marks omitted). The proponent of the testimony, here the Plaintiffs, bear the burden by a preponderance of the evidence to establish the reliability of the expert's testimony. *Johnson v. Arkema, Inc.*, 686 F.3d 452, 458 (5th Cir. 2012); *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

**III.    Analysis**

Mr. Bates owns a security management and liability consulting firm in Hudson, Massachusetts [165]. He has consulted on hundreds of projects in the human resources field, including evaluating the hiring and pre-employment screening of employees and regarding preventing workplace violence [*Id.*]. He has further given some 200 presentations on security-related liability issues, including negligent hiring liability, and has provided expert testimony in the field of human resources management for both plaintiffs and defendants in approximately 40 litigated cases, including four that went to trial [*Id.*]. He is also the author of a book on employee background investigations [*Id.*].

The Court notes that the Defendants do not challenge Bates' expertise in human resources or in the area of the standards and practices involved in the hiring and pre-employment screening of employees. Rather, the Defendants make a very narrow argument – that because Bates' expertise is not specifically in the "staffing" industry, he is not qualified to offer testimony in this case. The Court disagrees.

First, the Court notes that the "[a] court should be careful not to make expert qualification decisions a 'battle of labels' where a party is permitted to 'label the needed expertise narrowly and the offered expert's field broadly." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 693 (5th Cir. 2012); *Williams*, 898 F.3d at 625; *James v. Antarctic Mech. Servs., Inc.*, No. 3:18-CV-678, 2020 WL 1339640, at *3 (S.D. Miss. Mar. 23, 2020); *Crear v.

4

*Horn*, No. 1:12-CV-8-LG-JMR, 2013 WL 11609928, at *2 (S.D. Miss. Jan. 10, 2013). Moreover, "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility" and the "exclusion of general categories of testimony is not appropriate." *Huss*, 571 F.3d at 452; *Clark v. Lard Oil Co., Inc.*, No. 2:18-CV-109-KS-MTP, 2019 WL 4305744, at *5 (S.D. Miss. Sept. 11, 2019).

The Court further notes that, despite the Defendants' attempt to establish a new legal discipline – "staffing" – and to define Bates' expertise as overbroad, courts have made clear that the staffing industry is subject to the same expectations and standards regarding the hiring of employees as are other employers. See, e.g., *Santacruz v. Hertz Equipment*, No. 3:12CV348, 2015 WL 2340330, at *6 (S.D. Tex. Apr. 27, 2015). Because the case *sub judice* involves a claim of negligent hiring, and the standards for the staffing industry are the same as those for any other employer regarding the screening and hiring of employees, the Court finds that the Defendants' argument presents the precise "battle of labels' that the Fifth Circuit and other courts have held is inappropriate. *Roman*, 691 F.3d at 693; *James*, 2020 WL 1339640, at *3; *Crear*, 2013 WL 11609928, at *2. The Defendants have cited no persuasive authority to the contrary.

Bates indisputably has expertise in human resources regarding the proper standards and practices involved in the screening and hiring of employees. The Court finds that his knowledge will help the trier of fact to understand the evidence or to determine a fact in issue in this case, and that his testimony satisfies both Rule 702 and *Daubert*. Accordingly, the Court finds that Bates is qualified to testify as to the matters outlined in his expert designation and report, and that the Defendants' arguments for exclusion of Bates go to the "weight to be assigned that opinion rather than its admissibility and should be left for the

5

jury's consideration." *14.38 Acres of Land*, 80 F.3d at 1077.

Finally, the Court notes that the Defendants also assert that Bates' testimony may include conclusions of law that are impermissible. It is axiomatic that "[e]xperts cannot 'render conclusions of law' or provide opinions on legal issues." *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)). The Court notes however, that while experts cannot offer conclusions of law, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a); *Goodman*, 571 F.3d at 399. The Court is confident that it can protect against the possibility of objectionable expert testimony at trial without resorting to a blanket ban on all testimony by either side's expert witnesses. See, e.g., *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019). The parties may offer timely objections to any such testimony at trial.

## IV.   Conclusion

For all of the foregoing reasons, the Court finds that the Defendants' motion to exclude the testimony of Norman Bates should be denied. Bates shall be permitted to offer expert testimony at the trial of this matter as outlined above.

An order in accordance with this opinion shall issue this day.

This, the  13th  day of September, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE